# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF ILLINOIS

IN RE:                                          )
                                                )
CALHOUN COUNTY CONTRACTING,                     )   No. 08-31414
INC., d/b/a Metro East Sand, Inc.,              )
                                                )
                      Debtor.                   )

## O P I N I O N

This matter is before the Court on the motion filed by Calhoun County Contracting Corporation ("Debtor") for payment of administrative costs consisting of unpaid payroll costs of $14,690.93. A creditor, Newtek Small Business Finance ("Newtek"), objected to the Debtor's motion, asserting that the funds held by the Chapter 7 Trustee consist of cash collateral securing Newtek's claims and, therefore, the Trustee is prohibited from using Newtek's cash collateral to make the payments the Debtor is requesting.

The Debtor, Calhoun County Contracting Corporation, filed a Chapter 11 case in Bankruptcy on June 30, 2008. Newtek is the senior secured creditor of the Debtor, and holds first priority liens in essentially all of the Debtor's assets, including accounts receivable. During the pendency of the Chapter 11 case, an order was entered authorizing the Debtor to use cash collateral "only for payment of its normal and customary [post-petition] business operating expenses," pursuant to the terms and conditions set forth in the order. As adequate protection, Newtek was granted a replacement lien upon "all post-petition accounts receivable, inventory and cash and non-cash proceeds from the sale of the Debtor's inventory and other assets and all property of the estate." The cash collateral order further provided that the Debtor's authorization to use cash collateral immediately terminated upon the occurrence of certain events, including the entry of an order converting the case to one under Chapter 7 of the Bankruptcy Code. The case was converted to one

under Chapter 7 on March 4, 2009.

It is undisputed that, at the time of the conversion, accounts receivable had been collected by certain employees of the Debtor while the Chapter 11 case was pending and had been turned over to the Chapter 7 Trustee. There were also unpaid payroll costs of $14,690.93. The Debtor filed a motion for payment of administrative costs, seeking to pay the unpaid payroll costs from revenue from operations and collected accounts receivable. Newtek objected on the basis that the Trustee would have to pay the unpaid payroll costs from its cash collateral.

Prior to the conversion, these payroll costs could have been paid pursuant to the cash collateral order. However, with the conversion, the Debtor's authorization to use Newtek's cash collateral under the order ceased to exist. While unpaid payroll costs may be allowed as an administrative expense, payment of that administrative expense cannot be made from Newtek's cash collateral unless Newtek consents or payment is authorized by the Bankruptcy Code.

Section 363(c)(2) of the Bankruptcy Code governs the use of cash collateral. It provides in part as follows:

> (c)(1) If the business of the debtor is authorized to be operated under section 721, 1108, 1203, 1204, or 1304 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing.
> (2) The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless–
>
> > (A) each entity that has an interest in such cash collateral consents; or
>
> > (B) the court, after notice and a hearing, authorizes such use, sale or lease in accordance with the provisions of this section.

11 U.S.C. § 363(c)(1) & (2).

In discussing this section, COLLIER ON BANKRUPTCY states as follows:

> Section 363(c)(2) provides that the trustee or debtor in possession may not use, sell or lease cash collateral without either (1) the consent of the creditor with an interest in the collateral or (2) court authorization, granted after notice and a hearing. In the absence of creditor consent, the trustee may use cash collateral only with the approval of the court which will normally require adequate protection for the holder

2

of the adverse interest.

3 COLLIER ON BANKRUPTCY ¶ 363.07[4] (15th ed.).

In the case before this Court, Newtek has not consented to the use of its cash collateral and neither the Debtor nor the Chapter 7 Trustee have offered any adequate protection. Therefore, there is no basis under § 363(c)(2) to authorize the payment of the unpaid payroll costs from Newtek's cash collateral.

Section 506(c) of the Bankruptcy Code allows a Trustee to recover from a secured creditor costs associated with the secured creditor's collateral. It provides in part as follows:

> (c) The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of such property to the extent of any benefit to the holder of such claim . . .

11 U.S.C. § 506(c).

In discussing this section, COLLIER states:

> The general bankruptcy rule is that, absent an express agreement to the contrary, the expenses associated with administering a bankruptcy estate are not chargeable to a secured creditor's collateral or claim, but must be borne out of the unencumbered assets of the estate. One exception to this general rule is stated in section 506(c), which permits a trustee to recover administrative expenses from a secured creditor's collateral if three conditions are satisfied: (i) the expenses are "necessary" to preserve or dispose of the collateral, (ii) they are "reasonable," and (3) the incurrence of the expenses provide a "benefit" to the secured creditor. Similarly, expenses may be recoverable where the secured creditor expressly or impliedly consents to the incurrence of the expense, or caused the expense.

4 COLLIER ON BANKRUPTCY, ¶ 506.05 (15th ed.).

The Debtor argues that during the Chapter 11 the Debtor's office was kept open and accounts receivable were collected, and had that not occurred, the Trustee would not be holding the cash proceeds from the accounts receivable, which is Newtek's cash collateral.

It is not disputed that Newtek benefitted from the collection of the accounts receivable. What the Debtor failed to establish is that the use of the employees to collect the accounts receivable was necessary and reasonable. The Debtor is asking to pay four employees without showing the

nature of the work they performed. How many of them were involved in the collection of the accounts receivable? If one or more were so involved, was it their sole duty or did they perform other office duties as well? Without this information, the Court cannot determine if the claimed wages were necessary and reasonable.[1]

Newtek also argues that under § 726 of the Bankruptcy Code, priority claims in a converted Chapter 11 cannot be paid until the priority claims in the Chapter 7 are paid, and therefore any request for payment of these claims is premature. While Newtek is correct in its statement about the effect of § 726, that section has no impact on the issue before this Court. This Court is not concerned with priority of payments of administrative claims from property of the estate. It has before it the issue of whether Newtek's cash collateral can be used to pay the administrative wage claim as requested by the Debtor. On that issue, this Court has concluded it cannot.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. See Order.

ENTERED: September 2, 2009

       /s/ William V. Altenberger
UNITED STATES BANKRUPTCY JUDGE

---

[1] This Court is aware of the U.S. Supreme Court's decision in *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000), in which the Supreme Court held that only a trustee or a debtor in possession in a Chapter 11 case may enforce the provisions of § 506(c). In reaching this decision, the Supreme Court expressly left open the question of whether a bankruptcy court can, under certain circumstances, allow other interested parties to act in the trustee's stead in pursuing recovery against cash collateral under § 506(c). However, the issue of whether the Debtor has standing to pursue payment out of Newtek's cash collateral under § 506(c) was not raised by the parties in this proceeding, and therefore will not be addressed by this Court.